# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| EDDIE LEE CLEMONS, )<br>)<br>Movant, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CR408-225<br>CV416-005 |

## **REPORT AND RECOMMENDATION**

Eddie Lee Clemons has filed a 28 U.S.C. § 2255 motion asserting that he was improperly sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after he plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1] *See* Presentence Investigation Report (PSI) ¶ 22 (finding that Clemons' sentence for violating § 922(g)(1) should be enhanced pursuant to § 924(e) because of his "five prior convictions for burglary (violent felonies)"). Clemons expressed no objection to the PSI, and the Court adopted the

---

[1] Doc. 43 (§ 2255 motion); *see* doc. 1 (indictment); doc. 28 (guilty plea); doc. 32 (plea agreement); doc. 34 (judgment); doc. 39 (order reducing sentence from 188 months to 152 months pursuant to Fed. R. Crim. P. 35(b)). The Court is citing to the criminal docket in CR408-225, and all page numbers are those imprinted by its CM/ECF docketing software.

probation officer's factual findings and conclusions regarding the applicable sentencing guidelines. Doc. 45 at 4. He took no direct appeal. Nevertheless, relying upon *Johnson v. United States*, 576 U.S. \_\_\_, 135 S. Ct. 2551 (2015), Clemons contends that his prior burglary convictions no longer qualify as ACCA predicates and, therefore, that he was improperly given an enhanced sentence of 188 months under § 924(e), when he should have received a maximum sentence of no more than 120 months under § 922(g). The Government disputes this assertion. Doc. 46.

The ACCA imposes an enhanced sentence upon § 922(g) felon-with-a-gun offenders who have at least three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA specifically enumerates the offense of "burglary" as one of four crimes that qualify as a "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii).[2] When it enacted the ACCA, however, Congress referred only to the "generic" version of the four enumerated crimes. *United States v.*

---

[2] The Government concedes that defendant's two prior Alabama convictions for "third-degree burglary" (referenced in the PSI at ¶¶ 27, 33) do not meet the ACCA's definition of "violent felony" and therefore cannot serve as predicate convictions for sentence-enhancement purposes. Doc. 46 at 3. It contends, however, that each of Clemons' prior Georgia burglary convictions qualifies as a violent felony under the ACCA's enumerated crimes provision and thus that Clemons was properly sentenced as an armed career criminal. *Id*. at 4. *See* PSI ¶¶ 26, 35, 36 (referencing Clemons' three Georgia burglary convictions).

2

*Gundy*, ___ F.3d ___, 2016 WL 6892164 at *1 (11th Cir. Nov. 23, 2016). The generic version of burglary that Congress had in mind has these three elements: "(1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime therein." *Id.* at * 6. While the Georgia burglary statute incorporates each of these elements, it expands the "locational element" of generic burglary to criminalize not only the unlawful entry into "a building or other structure" but also entry into vehicles, railroad cars, watercraft, and aircraft. *Id.*[3] By including these alternative locational elements, the Georgia burglary statute becomes "non-generic." *Id.*

In *Gundy*, the Eleventh Circuit examined the text of the Georgia burglary statute (as it existed from 1980 to 2012) in light of the Supreme Court's decision in *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243

---

[3] As *Gundy* notes, from 1980 until July 1, 2012, the Georgia burglary statute provided as follows:

> "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof . . . ."

*Gundy,* 2016 WL 6892164 at * 6 & n.3 (quoting Ga. Code Ann. § 16-7-1(a) (2011)). Clemons' three Georgia burglary convictions, like Gundy's, were based on the statute as it existed from 1980 until 2012. *See* PSI ¶¶ 26, 35, 36.

3

(2016). *Mathis* instructed the lower courts on how to interpret and apply the ACCA's enumerated crimes provision when confronted with a state statute (like Georgia's) that has "disjunctive phrasing," thus creating an issue as to whether that statute precisely aligns with the generic offense Congress intended. *Id.* at 2249, 2253. When faced with such a state statute, the court must decide whether the disjunctive language creates (1) multiple crimes that are "divisible" into those alternative *elements* that match the generic version of the ACCA enumerated crime and those that do not, or (2) a single crime that has an "indivisible" set of elements and simply lists various alternative factual *means* of committing that single offense. *Gundy*, 2016 WL 6892164 at * 4. An indivisible statute must exactly match the generic crime or else it cannot count as an ACCA predicate offense. *Id.* A divisible statute, on the other hand, may suffice as an ACCA predicate if it can be determined that the defendant was convicted of the generic crime rather than an alternative, non-generic crime. *Id.*

Applying *Mathis*, the *Gundy* court found that Georgia's burglary statute effectively creates three distinct crimes, only one of which meets the generic definition of burglary. *Gundy*, 2016 6892164 at * 4; *id.* at

4

* 8-9 (the Georgia burglary statute has alternative locational elements, effectively creating several different crimes, that are "divisible" into the generic version (which matches the ACCA) and the non-generic versions (which do not)). Further, because the Georgia statute has such a divisible structure, it is permissible for a federal court to use the "modified categorical approach" in determining whether the defendant's prior burglary convictions either match, or do not match, the generic definition of burglary that Congress had in mind. *Gundy* at * 9. Under that approach, the court is allowed to examine a limited class of documents associated with the defendant's state conviction (*e.g.*, the indictment, jury instructions, or plea agreement and colloquy). *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

It therefore becomes this Court's task "to determine which of the alternative elements in Georgia's burglary statute form the basis of [Clemons'] prior burglary convictions and whether those elements match the generic definition of burglary." *Gundy*, 2016 WL 6892164 at * 9. An examination of the *Shepard* documents from Clemons' prior burglary convictions -- furnished by the government as part of its response, doc. 46 at Exhs. A-C -- establishes that his prior Georgia burglary convictions are

generic burglaries and therefore qualify as violent felonies under the ACCA. In each instance, the state prosecutor charged, and Clemons admitted through a guilty plea, that he entered a specific "building" without authority and with the intent to commit a theft therein. Doc. 46-1 at 2 (1984 Jeff Davis County indictment charging defendant with a burglary of "Hazelhurst Feed and Seed Store"), 4-5 (guilty plea); doc. 46-2 at 8 (1992 Coffee County indictment charging defendant with the burglary of "The Streat Corporation Building a/k/a The Streat's Garment Factory Building"), 4 (guilty plea); doc. 46-3 at 2 (1994 Appling County indictment charging defendant with burglary of "Lewis' Full Service"), 7-8 (guilty plea). The Georgia burglary statute expressly criminalizes the wrongful entry of a home or business for such an improper purpose. *See* note 3 *supra*.

Because the *Shepard* documents furnished by the government establish that in each Georgia burglary case Clemons entered a guilty plea admitting that he had entered a specific building without permission, and had done so with the intent to commit a theft therein, Clemons' three prior Georgia burglary convictions all meet the elements of generic burglary. *Gundy,* 2016 WL 6892164 at * 6. They, therefore, qualify as

6

violent felonies under the ACCA's enumerated crimes clause. With such a criminal record, Clemons was properly given an enhanced sentence under 18 U.S.C. § 924(e)(1). His § 2255 motion is without merit and should be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545

7

(11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __6th__ day of January, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA